UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
DRUG MART PHARMACY CORP., et al.,

                Plaintiffs,

  -against-                           MEMORANDUM AND ORDER
                                              93-CV-5148 (ILG)
AMERICAN HOME PRODUCTS CORP., et
al.,

                Defendants.
-----------------------------------------------x

GLASSER, United States District Judge:

## INTRODUCTION

Pending before the Court is the motion submitted by the designated defendants for judgment on the pleadings or, in the alternative, summary judgment, dismissing the representative plaintiffs' claims for conspiracy under the Robinson-Patman Act, 15 U.S.C. § 13(a) (the "Act"), and precluding plaintiffs from seeking joint and several liability under the Act.[1] Each side cites to a different case, the plaintiffs to a Seventh Circuit decision, and the defendants to a Supreme Court decision, arguing that it is dispositive of the issue before me.

As set forth below, the Court grants defendants' motion for judgment on the pleadings dismissing plaintiffs' claims for conspiracy under the Act and for the

---

[1] Also pending before the Court are the following motions filed by defendants: 1) motion for summary judgment dismissing plaintiffs' § 2(a) Robinson-Patman Act claims; 2) motion for partial summary judgment as to all Robinson-Patman Act claims based on rebates paid to legal entities that do not take title to, resell or dispense brand name prescription drugs; 3) partial summary judgment as to plaintiffs' Robinson-Patman Act claims premised on discounts or rebates to for-profit staff-model health maintenance organizations; and 4) motion for summary judgment on the ground that plaintiffs have not shown that they are entitled to damages under the Act. Those motions are not addressed in this memorandum and order.

1

imposition of joint and several liability upon the defendants.

## BACKGROUND

The background of this case has been recounted in numerous prior opinions by this Court, by the United States District Court for the Northern District of Illinois, and by the Court of Appeals for the Seventh Circuit. See 288 F. Supp. 2d 325 (E.D.N.Y. 2003); 296 F. Supp. 2d 423 (E.D.N.Y. 2003); 2002 WL 31528625 (E.D.N.Y. Aug. 21, 2002). See also 288 F.3d 1027 (7th Cir. 2002); 186 F.3d 781 (7th Cir. 1999); 123 F.3d 599 (7th Cir. 1997); 1999 WL 33889 (N.D. Ill. Jan. 19, 1999); 1996 WL 167350 (N.D. Ill. Apr. 4, 1996); 867 F. Supp. 1338 (N.D. Ill. 1994); 1994 WL 240537 (N.D. Ill. May 27, 1994). Familiarity with prior opinions is therefore assumed, but for purposes of this opinion, it is sufficient to know that plaintiffs are approximately 3,800 independent pharmacies who have filed suit under the Act against defendants, pharmaceutical manufacturers, for giving discounts or rebates on brand name prescription drugs to health maintenance organizations and mail order pharmacies, while denying discounts to them.[2] Among other things, plaintiffs allege a conspiracy under the Act between the defendants for

---

[2] In addition to their claims under the Robinson-Patman Act, plaintiffs brought claims against defendants under the Sherman Act, 15 U.S.C. § 1. While this litigation was pending before Judge Charles P. Kocoras of the United States District Court for the Northern District of Illinois, the Court entered Pretrial Order Number 5, which, among other things, bifurcated discovery of the two claims and "contemplate[d] that ... plaintiffs' claims may be tried in two separate trials." (Declaration of Robert Grass executed on January 21, 2005 Exh. 1). This Court severed the Sherman Act claims from the Robinson-Patman Act claims. In November 2004, the parties agreed to settle the Sherman Act claims shortly before trial was scheduled to commence, though seven defendants – Ciba Geigy Corporation, Sandoz Pharmaceutical Corp., Hoffman-La Roche, Inc., Abbott Laboratories, Marion Merrill Dow, Inc., Rhone-Poulenc Rorer Pharmaceuticals Inc. and Johnson & Johnson – have not yet reduced the terms of their settlement to writing subject to the Court's decision on this motion. Fifteen other defendant manufacturers have settled both plaintiffs' Sherman Act and Robinson-Patman Act claims.

Pretrial Order Number 5 stayed the Robinson-Patman Act claims asserted against all non-designated defendants until the first Robinson-Patman Act trial involving designated parties is completed. Pursuant to the pretrial order, the parties designated seventeen plaintiffs to proceed against five defendants. Two of the designated defendants – Ciba Geigy and Searle – remain, as the others have settled with plaintiffs. For the sake of simplicity, references in this opinion to "plaintiffs" and "defendants" are to the designated plaintiffs and designated defendants.

price discrimination, separate and apart from the conspiracy claim giving rise to their Sherman Act case which has settled in principle.

## DISCUSSION

### I. Motion for Judgment on the Pleadings Relating to Plaintiffs' Conspiracy Claims under the Act and Assertion of Joint and Several Liability

#### A. Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c)

In deciding a motion under Fed. R. Civ. P. Rule 12(c), the Court applies the same standard as that applicable to a motion under Fed. R. Civ. P. 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint will be dismissed under Rule 12(c) "if it appears beyond doubt that the [nonmoving party] can prove no set of facts in support of his claim which would entitle him to relief." Patel v. Searles, 305 F.3d 130, 135 (2d Cir. 2002) (internal quotations omitted), cert. denied, 538 U.S. 907 (2003). Although the parties submitted evidence, the Court does not convert defendants' motion into one for summary judgment because it does not consider that evidence.

#### B. Whether Conspiracy Claims Are Elements of a Robinson-Patman Cause of Action

Section 2(a) of the Robinson-Patman Act provides in relevant part that: "It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use,

consumption, or resale within the United States or any Territory thereof ... and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them...." 15 U.S.C. § 13(a). Defendants argue that plaintiffs' Robinson-Patman Act claims must be dismissed insofar as they are predicated on allegations of a "conspiracy to discriminate in price." Defendants further assert that since there is no viable conspiracy claim under the Act, plaintiffs' argument that they may be held jointly and severally liable is meritless.

In opposition, plaintiffs contend that the law supports their position, and they rely heavily on the Seventh Circuit's decision in Sidney Morris & Co. v. Nat'l Ass'n of Stationers, Office Outfitters & Mfrs., 40 F.2d 620 (7th Cir. 1930). In that case, the plaintiff, a retailer and wholesaler of stationery products, asserted that defendants issued recommended price lists for their products "which purported to state prices at which articles should be resold by retailers." Sidney Morris, 40 F.2d at 622. The defendants represented a diverse group, and included two industry associations, wholesalers, retailers and manufacturers. Id. at 621. Defendants purportedly "insisted that plaintiff desist from its practice of reselling ... office equipment at less than the published resale prices" and "demanded that plaintiff become a member of [a trade association] and pay the said association the regular initiation fees and dues." Id. at 622. The complaint acknowledged that certain of the defendants did not have any direct contact with the plaintiff, and therefore these defendants did not discriminate in price against the plaintiff directly, but rather "aided and abetted," or "conspired," to further

4

the discrimination.  Id.  When plaintiff did not comply with defendants' demand, they refused to sell their products to plaintiff.  Id.  Plaintiff filed suit against the defendants under a precursor to the Robinson-Patman Act.[3]  Id. at 623.  The Seventh Circuit reversed the district court's grant of defendants' motion to dismiss the complaint.

The Seventh Circuit first noted the well established principle that an "action may lie for damages suffered by reason of torts committed pursuant to a conspiracy but no action for damages lies for the conspiracy alone."  40 F.2d at 624 (citation omitted).  Accordingly, it went on to observe, "[n]ot being an action for conspiracy and no action for a conspiracy, as such, being maintainable, it is idle to examine the complaint to test its allegations by the standards of an alleged good complaint for conspiracy."  Id. at 625.  Notwithstanding these statements, the Court proceeded to find that certain of the defendant entities, whose sole unlawful conduct was alleged to be their participation in an "unlawful conspiracy," could be liable under the Act.  The Court's conclusion was bolstered by the following hypothetical:

> [T]he question arises, may B, who has unlawfully discriminated in prices against A, and who has unlawfully refused to sell its goods to A, because of A's refusal to agree to sell only at a fixed resale price, avoid liability because X, Y, and Z agree and conspire with B to force A into an association, the object of which is the maintenance of a fixed resale price, etc.? We think not. A cause of action is stated against B. A's damages arises by virtue of B's unlawful discrimination in price and its refusal to sell A its merchandise. X, Y, and Z become liable, not because of their refusal to sell A, but because, through their unlawful conspiracy with B, they became liable for B's wrongful act committed on A. There would have been

---

[3]The Clayton Antitrust Act was passed in 1914, which prohibited price discrimination, though not as expansively as the amendments to that Act which were passed in 1936 as the Robinson-Patman Act.

5

> no occasion and no justification for joining the retailer
> defendants who did not sell [plaintiff] excepting as they,
> through their agreement with B, became the agents and
> partners of B. B would have been the sole party whose
> wrongful acts gave A a cause of action but for the
> action of X, Y, and Z in participating in B's unlawful
> enterprise. <u>The cause of action did not bec[o]me one
> for conspiracy, however, but remained one for damages
> resulting from the doing of acts prohibited by the statute.
> But the parties liable for the damage were increased
> through the entry of other parties into the unlawful
> enterprise</u>.

<u>Sidney Morris</u>, 40 F.2d at 624 (emphasis added).

The Court declines to regard the holding in <u>Sidney Morris</u> as authoritative. The Seventh Circuit recognized that there was no conspiracy claim under the Act, but then inconsistently ruled that X, Y, and Z in the Court's hypothetical, and the defendants in the case before it, could be held liable for price discrimination based solely on their participation in the conspiracy "enterprise."[4] Moreover, in this case, unlike <u>Sidney Morris</u>, each defendant is charged with engaging in price discrimination against plaintiffs.

Further support for this Court's decision to reject the holding in <u>Sidney Morris</u> comes from the Supreme Court, which sixty years later, stated clearly that the Act "is aimed at price discrimination, not conspiracy." <u>FTC v. Henry Broch & Co.</u>, 363 U.S. 166, 174 (1960). Since the Supreme Court's decision in <u>Broch</u>, the only court to squarely address the issue whether an action for conspiracy can be maintained under the Robinson-Patman Act has held that it does not. See <u>General Supply Deck and Floor Underlayment Co. v. Maxxon Southwest, Inc.</u>, 2001 WL 1480768, at *4 (N.D. Tex. Nov.

---

[4]The Court would appear to have "changed positions as nimbly as if dancing a quadrille." See <u>Orloff v. Willoughby</u>, 345 U.S. 83, 87 (1953) (Jackson, J.).

19, 2001) (dismissing conspiracy claim because "[t]here is no provision in the Robinson-Patman Act providing for such a claim") (citing Broch, 363 U.S. at 174); see also Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc., 190 U.S.P.Q. 85, 92 (M.D. Fla. 1976) (judgment entered against plaintiffs where they failed to introduce "any evidence whatsoever respecting any price discrimination" and noting that the "purpose of the Robinson-Patman Act ... is to curb and prohibit all devices by which large buyers (or sellers) gain discriminatory preferences over small ones by virtue of their greater economic power; it is aimed at price discrimination, not conspiracy") (citing Broch), aff'd, 575 F.2d 530 (5th Cir. 1978).

There are at least three additional reasons why this Court declines to follow Sidney Morris. First, plaintiffs' argument that evidence of a "conspiracy" is relevant to its damages claim under the Act is a poorly disguised tautology that would allow plaintiffs to prove a conspiracy not provided by the Act which merely grants a remedy for redress against price discrimination. A plain reading of the Act gives no indication that Congress intended to provide a cause of action for conspiracy. Sidney Morris, the sole prop upon which the plaintiffs' argument rests, creates a questionable wrong to provide a remedy.

Second, as already noted, the plain language of the Act addresses price discrimination, and price discrimination alone. The word "conspiracy" is not mentioned either in the statute or in its legislative history. Price discrimination causes actual injury under the Act when the favored purchaser uses its advantage in a way that impairs the disfavored purchaser's ability to compete. The plaintiff disfavored purchaser must show that it lost customers or profits because the favored purchaser used its favored

7

advantage either to lower its resale prices or otherwise to attract business.  It is for that reason that a plaintiff asserting a claim under the Act must proffer individualized proof of lost customers or profits as against each defendant.  See, e.g., The Intimate Bookshop, Inc. v. Barnes & Noble, Inc., 2003 WL 22251312, at *8 (S.D.N.Y. Sept. 30, 2003) (the plaintiff's failure to disaggregate the effect and contribution of each defendant's unlawful conduct to its alleged injury is fatal to its claim) (citing American Booksellers Ass'n, Inc. v. Barnes & Noble, Inc., 135 F. Supp. 2d 1031, 1039-40 (N.D. Cal. 2001) (the plaintiffs cited no authority allowing them to average the effects of allegedly unlawful acts of defendants to show that, on average, they were harmed by those acts.  Each plaintiff must show a causal connection between the unlawful price discrimination and his injury)).

Third, if plaintiffs are allowed to recover on their claim for price discrimination conspiracy under the Act, they would recover twice for the same claim.  As indicated above, see infra fn. 2, the plaintiffs asserted a claim against the defendants under the Sherman Act for the same underlying conduct, which has been resolved by a settlement in principle.  The Sherman Act, at its most basic level, prohibits conspiracies – agreements between two or more persons or entities to achieve an illegal purpose – in restraint of trade.  15 U.S.C. § 1.  At oral argument, plaintiffs' counsel acknowledged that these two conspiracy claims – under the Sherman Act and the Robinson-Patman Act – are identical:

> The Court: Would it [price discrimination] also be a conspiracy to violate the Sherman Act?
> Mr. Gravante: Yes, it would.
> The Court: You were able to pursue that remedy and you did pursue that remedy under section 1, didn't you?

>     Mr. Gravante:     We're happy to continue to pursue it.
>     The Court:        You have settled it?
>     Mr. Gravante:     We have not settled it. We have an agreement in principle to settle it.

(Hearing Transcript of May 26, 2005 ("5/26/05 Tr.") at 21). This attempt to recover twice for the same wrong provides an independent and sufficient reason to dismiss plaintiffs' conspiracy claims pursuant to the Robinson-Patman Act. See, e.g., Defiance Indus. v. Galdi, 256 F. Supp. 170, 172 (S.D.N.Y. 1964) (motion to dismiss complaint granted where the plaintiff "in practical effect would be asking the court to permit double recovery for the same actionable wrongs").

Finally, plaintiffs argue that defendants are jointly and severally liable for damages under the Act. However, as plaintiffs' counsel recognizes, there is no authority supporting that assertion, except for Sidney Morris, a case which, as discussed above, has, at the very least, been undermined by Broch. See 5/26/05 Tr. at 33 (at oral argument, plaintiffs' counsel stated that "the only case law that exists is a Seventh Circuit decision that I believe is binding on this Court that squarely supports our view"). If the Court imposes joint and several liability on defendants, it would find one or more defendants liable for price discrimination even in the absence of evidence to support a finding of a causal connection between its alleged discrimination and the plaintiffs' claimed injury, and based, in turn, upon an alleged conspiracy not targeted by the Act.

Consistent with the Court's conclusion, research has not revealed a single case in which a conspiracy claim was asserted and allowed in a Robinson-Patman case, nor has research revealed a single reference in a treatise or law review in which Sidney Morris has been cited for the proposition that such a claim can be made under the Act. The

inference, I suggest, is permissible, that the unavailability of such a claim is accepted by the legal and academic community.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for judgment on the pleadings dismissing plaintiffs' claims for conspiracy under the Robinson-Patman Act and precluding plaintiffs from seeking joint and several liability under that Act is granted. The Court directs counsel to appear for a status conference on Tuesday, July 26, 2005 at 11:00 am in Courtroom Five.

SO ORDERED.

Dated: July 13, 2005
Brooklyn, New York

_____/s/_____
I. Leo Glasser
United States District Judge

Copies of the foregoing were sent on this day to:

Nicholas A. Gravante, Jr.
Steven I. Froot
Philip J. Iovieno
David A. Barrett
Boies, Schiller & Flexner LLP
570 Lexington Avenue
New York, NY 10022

Durrette Bradshaw, PLC
Wyatt B. Durrette, Jr.
Kenneth D. McArthur, Jr.
Main Street Center, 20th Floor
600 East Main Street
Richmond, Virginia 23219

Attorneys for Plaintiffs

Wayne A. Cross
Robert A. Milne
Michael J. Gallagher
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

Attorneys for defendant Ciba-Geigy Corporation

Saul P. Morgenstern
David S. Copeland
Robert Grass
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022

John Treece
Craig B. Sonnenschein
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Attorneys for defendant G.D. Searle & Co.